UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH BRYANT, | ) | CASE NO. 1:12CV2459 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 25) recommending affirmance of the final decision of the Commissioner denying plaintiff's request for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff filed objections to the R&R (Doc. No. 26) and defendant filed a response to the objections (Doc. No. 29). Upon *de novo* review, and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and dismisses this case.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on September 9, 2008, alleging a disability onset date of August 30, 2008, due to back injury, pain in hip, depression, panic attacks, and chronic lung disease. (Transcript ["Tr."] 261, 266.)[1] Her applications were denied initially and upon reconsideration. (Tr. 140, 143, 148, 155.) On plaintiff's request, a hearing was conducted before an ALJ on April 25, 2011, with plaintiff represented by counsel. (Tr. 94.) A vocational expert ("VE") testified at the hearing, as did plaintiff. On May 24, 2011, the ALJ issued a

---

[1] All page references are to the PageID # in the relevant document.

decision affirming the denial of benefits, finding plaintiff "not disabled." (Tr. 55.) Plaintiff timely appealed. On August 3, 2012, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final. (Tr. 49.)

Plaintiff, represented by counsel, timely filed the instant action under 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the administrative determination. Plaintiff filed a brief on the merits (Doc. No. 15), defendant filed a response brief on the merits (Doc. No. 16), and plaintiff filed a reply (Doc. No. 17). The Magistrate Judge heard telephonic oral argument on May 24, 2013 and, on July 12, 2013, issued his R&R. (Doc. No. 25.)

## II. STANDARD OF REVIEW

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(3), which require a *de novo* decision as to those portions of the R&R to which objection is properly made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (internal quotation marks and citation omitted). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III. DISCUSSION

In her merit brief, plaintiff raised seven "assignments of error." In her objections, she challenges the R&R only as to the sixth assignment of error:

> UNNUMBERED ALTERNATIVE FINDING THAT CLAIMANT COULD PERFORM OTHER WORK AT STEP FIVE OF THE SEQUENTIAL EVALUATION: Did the decision err by relying on the occupation of STUFFER 731.685-014 as one of the two occupations the claimant could perform, when that occupation is shown in the Dictionary of Occupational Titles [DOT] as being sedentary, the VE [vocational expert] testified that his testimony was consistent with the DOT, the VE testified that the occupation is light, the conflict was not resolved, and sedentary jobs may not be considered because the claimant is deemed disabled on the sedentary "grids" at her age?

(R&R at 1021.)[2]

The ALJ made a finding that plaintiff has the residual functional capacity ("RFC") to perform light work, with certain itemized restrictions that are not important for this discussion. (Tr. 65.)[3] The R&R affirms this RCF finding and plaintiff has not objected. Rather, the issue she raises relates to the VE's conclusion that she could perform the particular job of

---

[2] On the last page of her objections, with reference to her fourth assignment of error relating to a credibility determination made by the ALJ, plaintiff asserts that the R&R "incorrectly tries to resolve an inconsistency in the state-agency doctor's report." Without any citations to case law, she states, in conclusory fashion, that resolution of inconsistencies should be for the ALJ, not the Court. This two-sentence argument is not a "proper" objection within the meaning of Rule 72(b)(3) and the Court, therefore, declines *de novo* review of the fourth assignment of error. That said, the R&R quite clearly found a basis for the ALJ's credibility determination in "the ALJ's own distinction as to what portions of [the doctor's] opinion are to be given significant weight." (R&R at 1026, citing Tr. 33 [Page ID# 81].) Therefore, notwithstanding plaintiff's argument here, inconsistencies *were* resolved by the ALJ.

[3] The ALJ specifically found:

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that the claimant can never climb ladders, ropes or scaffolds, and can only occasionally climb ramps or stairs. In addition, the claimant can occasionally stoop, kneel, crouch, crawl, or balance. The claimant also needs to avoid concentrated exposure to irritants (such as fumes, odors, dust, gases, and poorly ventilated areas), the use of hazardous machinery, operational control of moving machinery, and unprotected heights. Furthermore, the claimant is relegated to simple, routine and repetitive tasks, in an environment where changes take place no more than occasionally, where production quotas are based on end-of-the-workday measurements, and where no more than occasional interaction is had with coworkers or the general public.

(Tr. 65.)

Stuffer (which refers to stuffing toys, like teddy bears), because the VE incorrectly categorized that job as "light" when, in fact, the DOT categorizes it as "sedentary."

Plaintiff correctly argues that "age, education, and work experience" must be considered in determining disability. However, plaintiff would have the Court apply the "sedentary" grid rules to find her "disabled," simply because the ALJ found that she could do the job of Stuffer, after the VE incorrectly characterized that job as "light," when, in fact, it is classified by the DOT as "sedentary."[4]

This is not the correct analysis. The *job* selected is not the starting point; rather, under Social Security Ruling (SSR) 83-14, plaintiff's RFC is the starting point:

> Where a person [such as plaintiff] cannot be found disabled based on strength limitations alone, *the rule(s) which corresponds to the person's vocational profile and maximum sustained exertional work capability* (Table 1, 2, or 3) w*ill be the starting point* to evaluate what the person can still do functionally. The rules will also be used to determine how the totality of limitations or restrictions reduces the occupational base of administratively noticed unskilled sedentary, light, or medium jobs.

SSR 83-14, 1983 WL 31254, at *3 (1983) (emphases added).

Here, plaintiff's RFC is for "light" work; therefore, those rules are the starting point, specifically, Table 2. *Medical-Vocational Guidelines*, 20 C.F.R. pt. 404, subpt. P, app. 2. Since plaintiff was 50 years old at the onset of her alleged disability, had the equivalent of a high school education, and unskilled work experience, Rule 202.13 applies and requires a finding of "not disabled."

Plaintiff argues that, under the medical-vocational grids, a 50-year-old with her education and experience would be considered disabled. The R&R rejected this argument

---

[4] The ALJ, on the VE's recommendation, also found plaintiff capable of the "light" jobs of assembler and garment bagger. These are not challenged here and, by themselves, these jobs would satisfy the Commissioner's burden at step five.

because it would require application of the grids for a "sedentary" RFC, whereas plaintiff's RFC is "light." Although the VE did, indeed, mistakenly characterize the sedentary position of Stuffer as "light," since plaintiff has an RFC for light work, it can be assumed she is capable of a sedentary job as well, provided it addresses her other limitations, since the exertional level would be less than the "light" level she is capable of. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00 ("The functional capacity to perform a full range of light work includes the functional capacity to perform sedentary as well as light work").

Even if plaintiff were correct that the rules in Table 1 for a "sedentary" RFC applied, she would still be "not disabled" because, as noted by the VE, her past job experience in "customer service" gives her "transferable skills." (Tr. 78.) Under Rule 201.15, given her vocational profile and age, she would qualify as "not disabled."[5]

## IV. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB and SSI was supported by substantial evidence, that decision is affirmed.

**IT IS SO ORDERED**.

Dated: October 23, 2013

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**

---

[5] Even under the "light" rules, with transferable skills, she would also be "not disabled." *See* Rule 202.15.